UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-14392-Cannon/Matthewman

DAVID L. HARRIS and
SHONDA T. HARRIS,

     Plaintiffs,

v.

LASOLOMON J. ARCHIE, SCOTT A.
WELLS, ROBERT PETIT, JAMES J.
DEFONZO, and TROY NORMAN, all
in their individual and official capacities,

     Defendants.

_____/

FILED BY _____SW_____ D.C.

Apr 24, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## U.S. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS [DE 29]

THIS CAUSE comes before the Court on Defendants' LaSolomon Archie, Scott Wells, Robert Petit, James Defonzo, and Troy Norman's ("Defendants") Motion to Dismiss ("Motion") [DE 29], which was referred to the Undersigned United States Magistrate Judge by United States District Judge Aileen M. Cannon [DE 38]. The Motion is fully briefed and ripe for review. *See* DE 32; 34. For the reasons set forth below, the Undersigned **RECOMMENDS** that the Motion be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE** with leave to file an Amended Complaint.

## I.      BACKGROUND

This is a civil rights case brought pursuant to 42 U.S.C. § 1983. Plaintiffs David L. Harris and Shonda T. Harris ("Plaintiffs"), proceeding *pro se*, filed their Complaint on December 11, 2023. [DE 1]. The Complaint seemingly brings approximately 17 claims against Defendants, but

the Complaint is very difficult to decipher. The allegations in the Complaint appear to relate to an incident which occurred on December 21, 2022, during which Plaintiffs were either falsely arrested (according to Plaintiffs) or temporarily detained (according to Defendants) by Defendant LaSolomon Archie. In addition to Defendant Archie, Plaintiffs have brought suit against multiple members of the St. Lucie County Sheriff's Office for failing to adequately investigate the December 21, 2022 incident and failing to take any action against Defendant Archie for his actions on that night. Plaintiffs seem to be suing Defendants in their individual and official capacities.

In the Motion, Defendants first seek dismissal of the Complaint as an improper shotgun pleading. [DE 29 at 5–7]. Next, Defendants make the following arguments: (1) any causes of action based on Defendant Archie's alleged failure to read Plaintiffs their *Miranda* rights should be dismissed with prejudice; (2) Plaintiffs' § 1983 claims against Defendants who allegedly failed to investigate Defendant Archie's actions fail as a matter of law; (3) Plaintiffs' state law causes of action based on the alleged failure to properly investigate Defendant Archie's actions are barred by sovereign immunity principles; (4) Defendants are entitled to sovereign immunity as to any state law claims alleged against them; and (5) Plaintiffs' conspiracy claims are barred by the intracorporate conspiracy doctrine. *Id* at 7–14.

In Plaintiffs' response, they summarize Defendants' arguments, improperly assert new factual allegations against Defendants, and make arguments that pertain more to future summary judgment motions than to the pending Motion to Dismiss. [DE 32]. In other words, the response does not clearly oppose each of Defendants' arguments as set forth in the Motion.

In reply, Defendants simply argue that Plaintiffs' response fails to address their arguments that the Complaint constitutes an improper shotgun pleading and that the supervisory Defendants'

after-the-fact investigation could not have caused the alleged constitutional deprivations. [DE 34]. In the "Conclusion" section of the reply, Defendants confusingly and inaccurately argue that "[f]or the reasons set forth here and in the Defendants' Motion for Summary Judgment,[1] Plaintiffs' Complaint should be dismissed with prejudice to allow the Plaintiffs to file an Amended Complaint which complies with the pleading requirements of the Federal Rules of Civil Procedure." *Id.* at 3.

## II.   <u>LEGAL STANDARD</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Pleadings, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* at 680-681 (citations

---

[1] No summary judgment motion has been filed in this case to date.

3

omitted). The Court must review the "well-pleaded factual allegations" and, assuming their veracity, "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. A plaintiff must, under Twombly's construction of Rule 8 cross the line "'from conceivable to plausible.'" *Id.* at 680 (citation omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.

## III.   <u>DISCUSSION</u>

Defendants request dismissal on multiple grounds, each of which the Court will address in turn.

### A.   **Shotgun Pleading**

Defendants first seek dismissal of the Complaint on the basis that it is a shotgun pleading. Federal Rule of Civil Procedure 8 requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'Shotgun' pleadings are cumbersome, confusing complaints that do not comply with these pleading requirements." *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). There are four basic types of shotgun pleadings: (1) those in which each count adopts the allegations of all preceding counts; (2) those that are simply replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) those that do not separate each cause of action or claim for relief into different counts; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which. *See Weiland*, 792 F.3d at 1321–23 (quotations omitted); *see*

*also Strategic Income Fund, LLC. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996).

The Court finds that Plaintiffs' Complaint does constitute an impermissible "shotgun pleading" and fails to provide Defendants with "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. The Complaint contains conclusory, vague, and immaterial allegations not obviously connected to any particular cause of action. First, it does not separate each cause of action into a clearly delineated count. For example, the Undersigned cannot determine if "Amendment IV U.S. Constitution Search and Seizure" is an actual count of the Complaint. *See* DE 1 at 11–12. Second, and relatedly, several sections of the Complaint which are titled "claims" simply contain factual allegations without actually containing the elements of any discernible cause of action. *Id.* at 14–16. Third, the Complaint lists various facts and legal principles without explaining how the facts and law interact to form a cause of action. Fourth, to the extent Plaintiffs cite to the California Penal Code, this is clearly irrelevant and improper. *Id.* at 12. Fifth, the Court notes that the Complaint does not name any government entity as a defendant even though it does seemingly make allegations regarding the "the County" and its liability. *See* DE 1 at 19.  In light of the foregoing, Defendants cannot possibly respond to the allegations as written and structured in the Complaint.

The Court therefore finds that the Complaint should be dismissed as a shotgun pleading. As Plaintiffs have not had any previous opportunities to amend, they should be given an opportunity to re-plead any valid claims by way of an Amended Complaint. The Amended

Complaint must comply with the Federal Rules of Civil Procedure. Specifically, it should list each cause of action into a separately numbered count, with one legal theory per count, and a specifically named defendant or defendants per count. Additionally, the Amended Complaint shall comply with the *Iqbal/Twombly* pleading standards.

While there is no need to analyze Defendants' remaining substantive arguments because the Complaint is so unclear and an improper shotgun pleading as drafted, the Undersigned will do so to provide clarity to the parties.[2]

### B.    Claims Based on the Alleged Failure to Read *Miranda* Rights

To the extent Plaintiffs allege any claims based on the alleged failure of Defendant Archie to read them their *Miranda* warnings, DE 1 at 10, Plaintiffs are hereby put on notice that the failure to read *Miranda* warnings does not violate a plaintiff's constitutional rights and cannot be grounds for a § 1983 action. *Chavez v. Martinez*, 538 U.S. 760, 772 (2003). Thus, any such claims will be dismissed if re-alleged in the Amended Complaint.

### C.    Claims Based on Alleged Improper Investigation

The only allegations in the Complaint against Defendants Wells, Petit, Norman and Defonzo appear to involve their conduct after December 21, 2022. To the extent Plaintiffs are alleging a negligent supervision cause of action, they must show that, "during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigation, discharge, or reassignment." *Lee v. Harper*, 328 So. 3d 384, 388 (Fla. 1st DCA

---

[2] *Pro se* plaintiffs are "generally treated somewhat more leniently than parties represented by counsel.'" *Martins v. Royal Caribbean Cruises, Ltd.*, No. 15-21124-CIV, 2019 WL 2402279, at *8 (S.D. Fla. June 7, 2019) (quoting *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988)) (internal citations omitted).

2021); *Brown v. Tony*, No. 0:23-CV-60033-KMM, 2023 WL 7482788, at *7 (S.D. Fla. July 25, 2023), *report and recommendation adopted*, No. 0:23-CV-60033-KMM, 2023 WL 6973026 (S.D. Fla. Oct. 23, 2023). "The plaintiff must allege facts sufficient to show that once an employer received actual or constructive notice of problems with an employee's fitness, it was unreasonable for the employer not to investigate or take corrective action." *Id.* Here, the Complaint fails to allege any Defendants' actual or constructive notice of problems with any particular employee's fitness.

To the extent Plaintiffs are arguing that Defendants Wells, Petit, Norman and Defonzo can be held liable for alleged constitutional injuries inflicted by Defendant Archie, a successful claim must include good-faith, plausible allegations: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotations omitted). The Complaint fails to allege these elements and is thus deficient. Any Amended Complaint shall correct these deficiencies if Plaintiffs can do so.

### D.    Sovereign Immunity

First, under Florida law "[t]he decision of whether to enforce the law by making an arrest is a basic judgmental or discretionary governmental function that is immune from suit." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1264–65 (11th Cir. 2001) (citing *Everton v. Willard,* 468 So.2d 936, 937 (Fla. 1985)). Next, "[t]he State of Florida and its subsidiaries — including

municipalities — are generally immune from tort liability[.]" *Id.* at 1262 (alteration added; footnote call number omitted; citing Fla. Const., art. X, § 13). Florida has waived this immunity, however, "for tort claims in the same manner and to the same extent as a private individual[.]" Fla. Stat. § 768.28(1), (5)(a) (alteration added). The waiver includes liability "for the acts or omissions of an officer, employee, or agent" of the State or political subdivision but excludes liability when those acts are "committed in bad faith or with malicious purpose in a manner exhibiting wanton and willful disregard of human rights, safety, or property." *Id.* § 768.28(9)(a). "At the motion-to-dismiss stage, courts should only dismiss a complaint on sovereign immunity grounds when the facts, taken as true, 'can only be characterized as stating claims for acts done in bad faith or in a willful and wanton manner.'" *Ghandour v. City of Miami*, No. 23-21970-CIV, 2024 WL 95391, at *3 (S.D. Fla. Jan. 9, 2024) (citing *Gregory v. Miami-Dade Cnty.*, 86 F. Supp. 3d 1340, 1343 (S.D. Fla. 2015)). In the event Plaintiffs choose to file an Amended Complaint, they shall be mindful of the law on sovereign immunity.

### E.    Conspiracy Claims

Finally, to the extent Plaintiffs are trying to allege a conspiracy between the various Defendants, Defendants are correct that "[t]he intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc). "The intracorporate conspiracy doctrine also applies to public, governmental entities." *Albra v. City of Fort Lauderdale*, 232 F. App'x 885, 891 (11th Cir. 2007) (citing *Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000)). Put more simply, Plaintiffs cannot allege a conspiracy between the Defendants in this case as they are

all law enforcement officers who work for the same governmental entity. Any Amended Complaint must be mindful of these legal principles.

## IV.    RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion [DE 29] be **GRANTED.**  Because Plaintiffs may potentially be able to cure at least some of these pleading deficiencies, the Undersigned further **RECOMMENDS** that Plaintiffs' Complaint be **DISMISSED WITHOUT PREJUDICE** with leave to file an Amended Complaint.

### NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach County, Florida, this 24th day of April 2024.

WILLIAM MATTHEWMAN
United States Magistrate Judge